UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARYL D. NELSON,

        Plaintiff,

v.                                       CASE NO. 2:16-CV-12851
                                             HONORABLE SEAN F. COX
                                             UNITED STATES DISTRICT COURT

ARNOLD L. WEINER,

        Defendant,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

      Presently before the Court is Plaintiff Daryl D. Nelson's ("Plaintiff") *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate currently confined at the Brooks Correctional Facility in Muskegon Heights, Michigan. Having reviewed Plaintiff's complaint, the Court dismisses it for failing to state a claim upon which relief can be granted.

**BACKGROUND**

      Plaintiff alleges that he hired the defendant as his attorney to represent him in a criminal case in the Wayne County Circuit Court. Plaintiff alleges that the defendant was ineffective in his representation at plaintiff's trial. Plaintiff claims that as a result, he has been wrongfully convicted. Plaintiff also claims that as a result of his incarceration, he is being denied adequate medical care and a special diet to accommodate his medical conditions. Plaintiff seeks monetary damages and injunctive relief.

**STANDARD OF REVIEW**

      Plaintiff has been allowed to proceed without prepayment of fees. *See* 28 § U.S.C. 1915(a);

*McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *See also Havard v. Puntuer,* 600 F. Supp. 2d 845, 850 (E.D. Mich. 2009). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

## ANALYSIS

Plaintiff's complaint must be dismissed. Conduct of a retained attorney does not rise to the level of "state action" within the meaning of 42 U.S.C. § 1983. *Lemmons v. Law Firm of Morris and Morris*, 39 F. 3d 264, 266 (10th Cir. 1994); *Holbird v. Armstrong-Wright*, 949 F. 2d 1019, 1020 (8th Cir. 1991); *Lindsey v. Jansante*, 806 F. Supp. 651, 654 (E.D. Mich. 1992). A lawyer does not act under the color of state law merely because he or she is a member of a state bar association. *Wolfe*

*by Hedges v. Bias*, 601 F. Supp. 426, 428 (S.D. W. Va. 1984). An attorney's status as an officer of the court does not make that attorney an actor under color of state law for the purposes of an action under 42 U.S.C.§ 1983, either. *Tidik v. Ritsema,* 938 F. Supp. 416, 425 (E.D. Mich. 1996). Because the defendant was not acting under color of state law in representing plaintiff as his attorney in his criminal case, plaintiff's § 1983 action alleging the ineffective assistance of counsel must be dismissed. *See Cudejko v. Goldstein,* 22 F. App'x. 484, 485 (6th Cir. 2001).

The inadequate medical care and diet claims must be dismissed against the defendant because plaintiff does not allege facts showing that the defendant is responsible for his care in prison, or was involved in any of the allegations involving the conditions of his confinement. A plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978)(Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009)(same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727-28 (6th Cir. 1995)(plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff fails to state a claim upon which relief may be granted under § 1983 against the defendant with respect to the inadequate medical care or diet claims.

The Court shall therefore dismiss Plaintiff's complaint. Because plaintiff's complaint against the defendant lacks any arguable basis in the law, this Court certifies that any appeal by the plaintiff would be frivolous and not undertaken in good faith. *See Alexander v. Jackson,* 440 F. Supp. 2d 682, 684 (E.D. Mich. 2006)(citing 28 U.S.C. § 1915(a)). Stated differently, it would be inconsistent for this Court to determine that plaintiff's complaint was too frivolous or meritless to be served upon

the defendant, yet has sufficient merit to support a determination that any appeal from the Court's order of dismissal would be undertaken in good faith so as to permit such an appeal. *See Anderson v. Sundquist*, 1 F. Supp. 2d 828, 835 (W.D. Tenn. 1998)(citations omitted).

## CONCLUSION AND ORDER

**IT IS HEREBY ORDERED** that the complaint is summarily **DISMISSED** for failing to state a clam upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).

**IT IS FURTHER ORDERED** that any appeal taken by plaintiff would not be done in good faith.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: August 30, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 30, 2016, by electronic and/or ordinary mail.

S/Shawna C. Burns
Case Manager Generalist